# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DAVID WARREN HUFFMAN, | : | Case No. 1:24-cv-35 |
| Petitioner, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, | : | |
| Respondent. | : | |

## ORDER AND REPORT AND RECOMMENDATION[1]

Petitioner, an inmate at the Ohio State Penitentiary (OSP), in Youngstown, Ohio, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 convictions for kidnapping and rape in Hamilton County Court of Common Pleas Case No. B1601593. (Doc. 1).[2]

On January 26, 2024, the Court ordered Petitioner to show cause why the Petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because Petitioner had previously challenged in federal court his 2017 convictions and sentence. (Doc. 4). Petitioner has now filed his response to the show-cause Order (Doc. 9) as well as letters to the Court with additional argument and exhibits (*see* Docs. 10; 11). Also before the Court is Petitioner's Motion to Include State Court Record to Case (Doc. 8), which the Court understands to be a motion to

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] At the time Petitioner filed this case, he was incarcerated at the Southern Ohio Correctional Facility. As he is currently housed at OSP, the **Clerk of Court** is **DIRECTED** to update the docket in this case to reflect the current respondent—Warden, Ohio State Penitentiary.

amend his Petition to add a new claim (*see* Doc. 8, at PageID 42) and various exhibits (*see* Doc. 8, at PageID 46-68).

## I. PETITIONER'S MOTION TO AMEND

28 U.S.C. § 2242 provides that a habeas petition may be amended as provided in the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading. A responsive pleading has not yet been filed in this matter and the initial Petition has not yet been amended. Petitioner is thus permitted to amend his Petition as a matter of course, and his motion to amend (Doc. 8) is hereby **GRANTED**. The Court understands the pleading filed in document 8 to be an amendment to the Petition as initially filed in document 1. For clarity, the **Clerk of Court** is **DIRECTED** to refile documents 1 and 8 together as one document and to docket them as the Amended Petition.

## II. THE AMENDED PETITION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review of the Amended Petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254. Here, for the reasons below, it plainly appears that Petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals as a second or successive petition.

### A. Background

As set forth above, Petitioner challenges his 2017 convictions for kidnapping and rape in

Hamilton County Court of Common Pleas Case No. B1601593. As grounds for relief, he asserts: (1) "evidence favorable to defendant" in that the victim allegedly "did not identify [Petitioner] as her attacker" in a photo lineup (Ground One) (Doc. 1, at PageID 5); (2) "[i]ndependent DNA test results negative" (Ground Two) (Doc. 1, at PageID 7); (3) violation of his speedy trial rights (Ground Three) (Doc. 1, at PageID 8); (4) "[f]ailure to consult client" at county jail (Ground Four) (Doc. 1, at PageID 10); and (5) violation of his Sixth Amendment right to go over evidence with counsel (Ground Five) (Doc. 8, at PageID 42).

However, Petitioner has previously sought federal habeas corpus relief challenging the judgment in Case No. B1601593. In July 2021, Petitioner filed in this Court a § 2254 Petition for a Writ of Habeas Corpus, challenging the same judgment on grounds of ineffective assistance of counsel (Grounds One, Three, and Four) and "procedural default" (Ground Two). *See Huffman v. Warden, Ross Corr. Inst.*, No. 2:21-cv-3952 (S.D. Ohio) (Doc. 3). On July 21, 2021, the Court dismissed the Petition with prejudice as time-barred. *Huffman*, No. 2:21-cv-3952 (Sargus, J.; Jolson, M.J) (Docs. 5, 6, 7). Petitioner did not seek further review of the dismissal of the Petition in the Sixth Circuit Court of Appeals.[3]

### B.  Analysis

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of

---

[3]"Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). The determination of whether a habeas application is second or successive, however, is committed to the District Court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all petitions filed second in time are 'second or successive'" and thus subject to the restrictions of § 2244(b). *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc), *cert. denied*, No. 23-6276 (May 13, 2024). The Sixth Circuit has recently reiterated that:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. [*In re Hill*, 81 F.4th] at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *petition for cert. filed*, No. 24-5 (July 3, 2024).

The instant Amended Petition does not meet the above exceptions. First, Petitioner challenges the same judgment that was at issue in his first habeas case. Second, the claims asserted in the Amended Petition were ripe at the time of the initial lawsuit. The photo lineup (Ground One), the alleged speedy trial violation (Ground Two), the alleged ineffective assistance of trial counsel (Ground Four), and the alleged violation of his Sixth Amendment right to counsel (Ground Five) would have each occurred before Petitioner filed his first action.[4] And, while Petitioner does not specify the date of the independent DNA test that forms the basis of Ground Two of the Amended Petition, he does assert that he raised this claim in a motion to withdraw his guilty plea. (*See* Doc. 1, at PageID 7). A review of the Hamilton County Clerk of Court online docket sheet for Petitioner's underlying criminal matter[5] indicates that his motion to withdraw his guilty plea was filed on April 7, 2021 and denied on April 12, 2021—more than three months before he filed his first habeas corpus action. Indeed, it appears that this claim was ripe well before the initial habeas action was filed as Petitioner states in this Court that "a second DNA . . . was tak[en] in the middle of while trial was set, where my lawyer was still trying to piece together his defense[.]" (Doc. 10, at PageID 79).

Nor does Petitioner meet the third exception for unexhausted claims. Where the petition in the initial action is denied as untimely, "whether [the petitioner's] proposed claims were unexhausted at the time he filed his initial § 2254 petition is irrelevant[.]" *In re Gutierrez*, 2024

---

[4]In fact, it appears that Ground Four of the instant petition is the same ineffective-assistance-of-counsel claim that Petitioner filed in his first habeas action. *Compare* Case No. 1:24-cv-35 (Doc. 1, at PageID 10) with Case No. 2:21-cv-3952 (Doc. 3, at PageID 24).

[5] Viewed at: https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+1601593&submit.x=25&submit.y=15, under Case No. B1601593. *See Rodic*, 615 F.2d at 738.

WL 3333932, at *1. This is because "[t]he dismissal of a petition as untimely is a decision 'on the merits.'" *Id*. (quoting *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) and citing *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (collecting cases)). "The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]" *Id*. (citing *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000); *In re Coley*, 871 F.3d at 457). This "is not the case here." *Id*.[6]

Because the Amended Petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. For the reasons set forth in footnote 1, above, the **Clerk of Court** is **DIRECTED** to update the docket in this case to reflect the current respondent—Warden, Ohio State Penitentiary.

---

[6] Notably, Petitioner seeks to avoid the requirements of § 2244(b) by suggesting that his first federal habeas action was dismissed on exhaustion grounds. (*See* Doc. 11, at PageID 88). Petitioner, however, is incorrect. The Magistrate Judge found that Petitioner's initial Petition was barred by the applicable one-year statute of limitations and therefore subject to dismissal with prejudice. *See Huffman*, No. 2:21-cv-3952 (Doc. 5, at PageID 44-45). The District Judge adopted the Magistrate Judge's findings in their entirety and dismissed the petition with prejudice. *See id*. (Doc. 6, at PageID 48). Although the Magistrate Judge mentioned exhaustion as an alternative basis for dismissal (*see* Doc. 5, at PageID 45), the petition was dismissed with prejudice on statute-of-limitations grounds. (*See id.*; *see also* Doc. 6, at PageID 48; Doc. 7, at PageID 50).

2.	Petitioner's motion to amend (Doc. 8) is **GRANTED** and the **Clerk of Court** is **DIRECTED** to refile documents 1 and 8 together and docket them as the Amended Petition.

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a second or successive petition, within the meaning of 28 U.S.C. § 2244(b), the Amended Petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether this Court may consider the successive claims for relief.

July 16, 2024

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).